IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ANTHONY LEO MONTES,**<br><br>Petitioner,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:07CV978 DAK |

      This matter is before the court on Petitioner Anthony Leo Montes' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, which was filed on December 17, 2007. Petitioner plead guilty on February 9, 2004 to Burglary of a Federal Firearms Licensee (18 U.S.C. § 922(u)) and Possession of a Firearm by a Convicted Felon (18 U.S.C. § 922(g)(1).  On May 27, 2004, he was sentenced to a total of 162 months in the custody of the Bureau of Prisons, followed  by 36 months of supervised release.   Petitioner then appealed his sentence to the Tenth Circuit, arguing that the court committed a structural error by treating the Sentencing Guidelines as mandatory.  The Tenth Circuit affirmed Mr. Montes's sentence on September 23, 2005.

      "[A] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).  Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack.

A one-year statute of limitation applies to motions brought under § 2255. "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

The judgment in this case became final, at the latest, in late October 2005. Thus, this petition is well past the limitations period and is therefore time-barred. Furthermore, although Petitioner argues that the prosecutor put on "false evidence" and maliciously prosecuted him, the fact remains that Petitioner admitted as true all facts relevant to these offenses when he entered his plea of guilty on February 4, 2004. Therefore, the court finds no merit to Petitioner's argument.

For the above reasons, Petitioner Anthony Montes's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence is DENIED.

DATED this 20th day of December, 2007.

BY THE COURT:

_Dale A. Kimball_
DALE A. KIMBALL
United States District Judge